UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C24-5026-BAT <br><br> **ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erred in assessing the limitations caused by her carpal tunnel syndrome and her post-traumatic stress disorder. Dkt. 9. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old, has a limited education, and worked as a janitor and landscape laborer. Tr. 847. In March 2020, she applied for benefits, alleging disability starting that month. Tr. 183. After her application was denied initially and on reconsideration, the ALJ conducted a hearing and, in November 2021, issued a decision finding plaintiff not disabled. Tr. 13-27. Plaintiff sought judicial review, and, in February 20203, this Court reversed the

Commissioner's decision and remanded the case for further administrative proceedings. Tr. 924-29. On remand, the ALJ conducted a second hearing and, on October 24, 2023, issued a second decision finding plaintiff not disabled. Tr. 831-49. Plaintiff now seeks judicial review of that decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: degenerative disc disease, scoliosis, mild right carpal tunnel syndrome, obesity, generalized anxiety disorder, depressive disorder, and PTSD; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 833-35. The ALJ found plaintiff had the residual functional capacity (RFC) to perform medium work with additional physical and mental limitations. Tr. 837-38. The ALJ further found plaintiff cannot perform her past work, but Plaintiff is not disabled because there are other jobs that exist in significant numbers in the national economy that she can perform. Tr. 847-48.

## DISCUSSION

Plaintiff argues the ALJ's RFC determination is erroneous because it (1) fails to account for all of plaintiff's limitations involving her upper extremities, and (2) disregards the limitations caused by her PTSD. Dkt. 9 at 1.

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed if the ALJ committed harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor

---

[1] 20 C.F.R. § 416.920.

substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

A claimant's residual functional capacity is the most she can still do despite her limitations. 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, the ALJ must consider all of a claimant's medically determinable impairments, including those that are not severe. *Id.* § 416.945(a)(2). The ALJ must assess a claimant's RFC based on all the relevant evidence in the case record, including medical records, medical source statements, and descriptions and observations of the claimant's limitations by the claimant or others. *Id.* § 416.945(a)(3). Social Security Ruling 96-8p provides that an RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts as well as to nonmedical evidence, such as daily activities. SSR 96-8p. The RFC assessment also must include a discussion of why reported symptom-related limitations can or cannot reasonably be accepted as consistent with the medical or other evidence. *Id.*

A.      **Right Upper Extremity**

In assessing plaintiff's RFC, the ALJ found plaintiff had the ability to frequently reach, handle, finger, and feel with her right upper extremity. Tr. 837. Plaintiff asserts the ALJ provided no explanation or reasoning as to how she reached these upper extremity limitations, failed to make any connection between these limitations and the evidence, and failed to explain how any part of the record supported these limitations. Dkt. 9 at 3. Plaintiff argues the lack of explanation is inconsistent with the requirement of SSR 96-8p that requires the ALJ to provide a narrative discussion of how the evidence supports each conclusion that includes citations to specific evidence in the record. *Id.* at 4.

In the ALJ's lengthy recitation of the medical evidence (Tr. 839-45), the ALJ summarized the evidence relating to plaintiff's carpal tunnel syndrome, including: findings of normal strength in plaintiff's upper extremities after an April 2023 fall; findings of diminished grip strength bilaterally with positive Tinel and Phalen signs in April 2023; findings of normal sensation and grip but tenderness at the scaphoid and at the distal radius, with a brace provided for her right wrist in May 2023; an EMG study that found mild median neuropathy of the right wrist and no evidence of median or ulnar neuropathy in the left wrist in May 2023; an assessment of 4+/5 grip strength bilaterally and diffuse tenderness throughout the distal radius, normal sensation, equivocal Tinel and Durkan compression into the index, middle, and ring finger, no evidence of a fracture although it was possible that a non-displaced fracture had healed, and a referral to hand therapy in June 2023; and plaintiff's subsequent reports of improvement in functioning after one month of hand therapy. Tr. 843-44.

The ALJ found, after summarizing all the objective evidence, that: "This treatment evidence reflects conservative treatment for the claimant's physical and mental impairments and clinically stable signs of full strength, normal motion, an appropriate gait, normal ambulation, and generally stable cognitive signs." The ALJ concluded by stating: "Based on the objective clinical and diagnostic evidence, the nature of the claimant's treatment, her statements about the nature and severity of symptoms as related to her medical and mental health providers, and her range of reported activities, greater limitations are not supported by the evidence." Tr. 845.

The Commissioner argues the ALJ met the requirements of SSR 96-8p because the ALJ thoroughly reviewed the evidence, assessed plaintiff's RFC, and considered plaintiff's subjective complaints. Dkt. 11 at 3-4. This argument, however, omits SSR 96-8p's requirement that the ALJ provide a "narrative discussion describing how the evidence supports each conclusion." The

ALJ failed to describe how the evidence related to plaintiff's upper extremity impairment supports the ALJ's conclusions about the limitations that impairment caused. Neither the ALJ's summary of the evidence nor the generic, conclusory statements made at the end of that summary provide such a discussion.

This omission leaves the Court with no means to assess whether the limitations are supported by substantial evidence or if they are a reasonable assessment of plaintiff's RFC. The ALJ provided no explanation as to how she determined plaintiff could frequently—rather than occasionally, or rarely, or with some other level of frequency—reach, handle, feel and finger with the right arm. A summary of the evidence followed by a conclusory statement that the evidence does not support greater limitations fails to provide anything for the Court to review. The ALJ's failure to provide any description of the connection between the evidence and the limitations was error.

Nor can the Court say that this error was harmless. An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination. *Molina*, 674 F.3d at 1122. The vocational expert testimony established that person who can frequently reach, handle, feel, and finger could perform the representative jobs the VE identified. Tr. 888-89. But this testimony does not support a finding that plaintiff would be unable to perform any of these jobs if she were more limited than the ALJ found in any of these activities. The Court therefore cannot say that the error here was inconsequential to the ALJ's decision.

Plaintiff asks the Court to remand this case for either an award of benefits or further administrative proceedings. Dkt. 9 at 17. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence,

1  whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence
2  were credited as true, the ALJ would be required to find the claimant disabled on remand.
3  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Court finds these conditions are not
4  met and that further administrative proceedings would allow the ALJ to meet the requirements of
5  SSR 96-8p and provide a narrative discussion as to how the evidence supports the ALJ's
6  conclusions about plaintiff's right upper extremity limitations. On remand, the ALJ shall
7  evaluate the limitations caused by plaintiff's right carpal tunnel syndrome and shall provide a
8  narrative discussion describing how the evidence supports those limitations.

9      Because the Court is remanding this case for further proceedings, the Court will discuss
10  plaintiff's remaining issues as needed to determine the scope of remand.

11      **B.**    **Left Upper Extremity**

12      Plaintiff argues the ALJ erred by failing to evaluate her left carpal tunnel syndrome,
13  making no determination as to whether it was severe, non-severe, or a medically determinable
14  impairment. Dkt. 9 at 7. She points to evidence that she was diagnosed with bilateral carpal
15  tunnel syndrome, she received physical therapy for both wrists, and she demonstrated objective
16  clinical findings of diminished strength and range of motion in both wrists. *Id.* at 6-7.

17      The ALJ is required to identify all medically determinable impairments, whether severe
18  or non-severe, and to assess the limitations caused by all medically determinable impairments,
19  even those that are not severe. 20 C.F.R. § 416.921, 416.945(a)(2). On remand, the ALJ shall
20  consider plaintiff's left carpal tunnel syndrome to determine whether it is medically determinable
21  and, if so, whether it is severe, and to determine the nature and extent of any limitations caused
22  by this impairment.
23

### C. PTSD

Plaintiff argues that despite finding plaintiff's PTSD is severe, the ALJ erroneously failed to account for any limitations caused by PTSD. Dkt. 9 at 12. She points to her testimony in September 2023 about the worsening of her symptoms since her first hearing in September 2021, and notes that despite this testimony, the ALJ relied on medical opinions from 2020 and 2021 in assessing her mental limitations. *Id.* at 12-13. Plaintiff further notes the state agency consultants who gave these opinions explicitly stated they did not consider plaintiff's PTSD because it was noted by a non-approved medical source, and that the ALJ assessed plaintiff with mental limitations that align with these opinions. *Id.* at 14. Plaintiff argues this conflicts with the severe impairments the ALJ assessed and the ALJ should have recognized plaintiff was more limited than these physicians opined because they included no restrictions related to her PTSD. *Id.* at 14-15. Finally, plaintiff argues the ALJ failed to comply with SSR 96-8p in assessing the limitations caused by her PTSD because the ALJ failed to provide a narrative discussion describing how the evidence supported the ALJ's conclusions. Dkt. 9 at 15.

As discussed above, the ALJ's conclusory statements made after summarizing the evidence fail to meet the requirement of SSR 96-8p to provide a narrative discussion describing how the evidence supports each conclusion. And while plaintiff does not allege error in the ALJ's finding that the state agency consultants' opinions were persuasive, plaintiff is correct in noting that those opinions do not address plaintiff's PTSD or assign any limitations due to that impairment. On remand, the ALJ shall reevaluate plaintiff's PTSD to determine the limitations caused by that impairment and shall provide a narrative discussion describing how the evidence supports those limitations.

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS - 7

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall (1) evaluate at step two whether left side carpal tunnel syndrome is a medically determinable severe impairment; (2) reevaluate plaintiff's RFC, including an evaluation of the limitations caused by plaintiff's carpal tunnel syndrome and by PTSD, and shall provide a narrative discussion describing how the evidence supports each conclusion; and (3) develop the record and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to issue a new decision.

DATED this 10th day of June, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge